# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**DISCOVERORG DATA LLC,**

                Plaintiff,

v.

**SOURCEFUSE TECHNOLOGIES, INC.,**

                Defendant.

Civil Case No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff DiscoverOrg Data, LLC ("DiscoverOrg"), for its complaint against SourceFuse Technologies, Inc. ("SourceFuse"), alleges as follows:

## INTRODUCTION

1. DiscoverOrg curates a highly accurate database of information used by businesses worldwide in connection with their business-to-business sales, marketing, and recruiting. DiscoverOrg invests millions of dollars annually to build and maintain its database and associated intellectual property and to constantly verify, update, and expand upon the information it provides to customers. To use this database, DiscoverOrg's customers pay tens and sometimes hundreds of thousands of dollars in subscription fees. The success of DiscoverOrg's business model depends on a customer's faith on the continued availability—and exclusivity—of DiscoverOrg's database.

2. Instead of paying for a subscription like other customers, SourceFuse stole more than 11,000 records from DiscoverOrg's database, which it used for months to market its products and services. DiscoverOrg brings this suit to protect

its highly valuable intellectual property, recover its damages, and ensure fairness for itself and for its customers.

## PARTIES

3. DiscoverOrg is a Delaware limited liability company. Its principal place of business is located in Vancouver, Washington.

4. SourceFuse is a Florida corporation. Its principal place of business is located in Jacksonville Beach, Florida.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over SourceFuse, because its principal place of business is located in this district. Venue is proper in this district, because SourceFuse resides in this district. 28 U.S.C. §§ 1391(b)(1) and 28 U.S.C. § 1400(a).

## FACTS AND ALLEGATIONS

**A.  DiscoverOrg's Platform.**

5. DiscoverOrg provides business-to-business marketing data including business contact data, firmographic information, and other competitive intelligence. It delivers this data to paying subscribers via a password-secured, online graphical user interface. DiscoverOrg's subscribers gain access to its database of marketing information profiling businesses in the United States and across the globe. DiscoverOrg has been recognized as an industry leader in sales and marketing intelligence. The depth, breadth, and accuracy of DiscoverOrg's database is unrivaled in the marketplace.

6. DiscoverOrg has invested and continues to invest tens of millions of dollars to develop and maintain the infrastructure, content, and quality of its

database. To deliver timely and comprehensive data to DiscoverOrg's clients, DiscoverOrg employs approximately 200 research analysts focused on building, managing, and updating DiscoverOrg's database. DiscoverOrg expends substantial labor, time, and resources to collect, organize, and disseminate the information in its database. In total, DiscoverOrg employs more than 1,000 people and has made significant investment in developing and purchasing software, hardware, and other equipment to continuously update and support the accuracy and comprehensiveness of its database. DiscoverOrg's database displays the selection, arrangement, orchestration, compilation, and presentation of the organizational charts, contacts, and other information collected and assembled by DiscoverOrg's analysts.

7. DiscoverOrg licenses access to its database to thousands of companies. DiscoverOrg's database is valuable to companies like SourceFuse because they use the detailed information collected by DiscoverOrg to market their own products and services.

8. The database's value depends on its exclusivity. To protect the database's value, DiscoverOrg has implemented reasonable security measures. For example, access to DiscoverOrg's database requires a password, and only users that have signed restrictive license agreements receive this password. DiscoverOrg also uses mail monitoring and list protection to secure the integrity of its database.

**B.     SourceFuse's Wrongful Conduct.**

9. Instead of acquiring a license from DiscoverOrg to access the proprietary and confidential subscriber-only portions of the platform, SourceFuse gained unauthorized access to DiscoverOrg's proprietary information. SourceFuse then used this information to sell its products and services. This conduct presents a critical threat to DiscoverOrg: if everyone did what SourceFuse did, DiscoverOrg could not survive as a business, and the resource DiscoverOrg provides to its customers would be completely lost. Through its actions, SourceFuse sought to

enjoy a "free ride" off of the license fees paid by DiscoverOrg's legitimate customers.

10. Beginning in April 2019, SourceFuse used DiscoverOrg's proprietary information to sell SourceFuse's products and services. SourceFuse accessed at least 11,000 records from DiscoverOrg's database and commercially exploited that information for its sales and marketing purposes, including by conducting email marketing campaigns using the stolen data.

11. SourceFuse acted knowingly, intentionally, and willfully in accessing and using DiscoverOrg's proprietary information without authorization and without compensating DiscoverOrg. SourceFuse wrongfully profited from its unauthorized use of DiscoverOrg's proprietary information, including, but not limited to, by reducing the time, effort, and expense associated with identifying and contacting potential new customers and business opportunities.

12. SourceFuse knew that DiscoverOrg's data was confidential and proprietary and subject to restrictive license agreements. Even so, SourceFuse knowingly accessed and used DiscoverOrg's data for its own sales and marketing purposes without any license or authorization to do so. SourceFuse took these actions to profit from DiscoverOrg's data without paying DiscoverOrg. SourceFuse has wrongfully profited from these activities and has reduced the market value of DiscoverOrg's database.

13. At all relevant times, SourceFuse had a duty to train and supervise the conduct of its employees and agents acting on its behalf. SourceFuse breached this duty in two ways:

> (1) by failing to train and monitor its employees and agents adequately; and
>
> (2) by failing to have appropriate policies in place regarding unauthorized access to computer systems, communication, storage networks, and copyrighted works and trade secrets, and/or failing to enforce such policies.

14. On information and belief, all of SourceFuse's alleged actions here were performed by employees or other agents of SourceFuse within the scope of their employment or other agency relationship with SourceFuse, on SourceFuse's behalf, and for SourceFuse's benefit.

## **FIRST CLAIM FOR RELIEF**

**(Theft of Trade Secrets - 18 U.S.C. § 1832 et seq.)**

15. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 14.

16. DiscoverOrg gathers, organizes, generates, collects, and assembles in-depth, commercially valuable information (including reporting structures, contact information, and other data), expending substantial time, labor, and expense to do so. DiscoverOrg's database and the information contained therein comprise a compilation of business information. This information is used in interstate commerce.

17. The compilation of information in DiscoverOrg's database derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, those who are not licensed by DiscoverOrg to access the database. Specifically, DiscoverOrg works as a subscriber-based platform; to gain access to DiscoverOrg's collection of information, subscribers must pay a fee. Therefore, DiscoverOrg's very business model depends on the secrecy and independent value of its information. If subscribers could get DiscoverOrg's information elsewhere for free or by paying less, they would. Non-licensees, such as SourceFuse, obtain economic value from the disclosure or use of the information in DiscoverOrg's database.

18. DiscoverOrg has taken reasonable measures to protect and keep the information in its database secret. These measures include limiting access to those customers who agree to the terms of access in the licensing agreement and requiring

password authentication to access the database through its secure online portal. DiscoverOrg also monitors access to the database and use of the information to further ensure its security.

19.   SourceFuse used improper means, including theft, to obtain access to and acquire information from DiscoverOrg's database.  SourceFuse knew or had reason to know, at the time it obtained and at the times it used DiscoverOrg's information, that this information was obtained from persons or entities owing DiscoverOrg a duty to maintain its secrecy.

20.   SourceFuse received and possessed information from DiscoverOrg's proprietary database that SourceFuse knew to have been converted without authorization.

21.   SourceFuse willfully and maliciously misappropriated DiscoverOrg's trade secrets by using the information contained in DiscoverOrg's proprietary computer systems for SourceFuse's financial gain without authorization.

22.   SourceFuse's actions have damaged DiscoverOrg through the lost opportunity to realize licensing revenue and the diminution of the market value of its proprietary information.  SourceFuse has been unjustly enriched by the use of valuable marketing and sales information without paying compensation and through the consummation of business transactions that would not have occurred without use of the stolen information.  DiscoverOrg would, in the alternative, be entitled to a reasonable royalty for SourceFuse's use of the information.

23.   SourceFuse is liable to DiscoverOrg for damages for DiscoverOrg's actual losses and SourceFuse's unjust enrichment, in an amount to be proven at trial, or for a reasonable royalty pursuant to 18 U.S.C. § 1836(b)(3)(B).  DiscoverOrg is entitled to an injunction preventing SourceFuse from continuing to possess or use information obtained from DiscoverOrg's database, or requiring SourceFuse to pay a reasonably royalty for future use.  Finally, DiscoverOrg is entitled to exemplary

damages under 18 U.S.C. § 1836(b)(3)(C), and to its reasonable attorney's fees under 18 U.S.C. § 1836(b)(3)(D).

## SECOND CLAIM FOR RELIEF
### (Misappropriation of Trade Secrets – F.S.A. § 688.001 et seq.)

24. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 14.

25. SourceFuse is liable to DiscoverOrg for damages for DiscoverOrg's actual losses and SourceFuse's unjust enrichment, in an amount to be proven at trial. DiscoverOrg is entitled to an injunction preventing SourceFuse from continuing to possess or use information obtained from DiscoverOrg's database, or requiring SourceFuse to pay a reasonably royalty for future use.  Finally, DiscoverOrg is entitled to exemplary damages under F.S.A. § 688.004(2), and to its reasonable attorney fees under F.S.A. § 688.005.

## THIRD CLAIM FOR RELIEF
### (Misappropriation)

26. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 14.

27. DiscoverOrg gathers, organizes, generates, collects, and assembles in-depth, commercially valuable information (including reporting structures, contact information, and other data) expending substantial time, labor, and expense to do so.

28. SourceFuse intentionally and without permission used information from DiscoverOrg's database to increase its profits.  SourceFuse has taken a "free ride" on DiscoverOrg's skill, labor, and costly and substantial efforts in creating and securing its commercially valuable database.

29. DiscoverOrg has lost profits and suffered the diminution of the market value of its database because of SourceFuse's actions.  As a result, SourceFuse is

liable to DiscoverOrg for compensatory damages including wrongfully derived revenues in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### (Copyright)

### Count 1 — Copyright Infringement (17 U.S.C. § 501 *et seq.*)

30. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 14.

31. DiscoverOrg's database is an original work of authorship containing copyrightable subject matter for which copyright protection exists under the Copyright Act. DiscoverOrg has filed for copyright registration with the United States Copyright Office in compliance with 17 U.S.C. § 101 *et seq*. DiscoverOrg's copyright was registered December 27, 2010, with registration number TX0007487999.

32. As owner of all right, title, and interest in and to the copyrighted works, DiscoverOrg is entitled to all the exclusive rights and remedies accorded by Section 106 of the Copyright Act to a copyright owner. Those rights include the exclusive rights to reproduce the copyrighted works and to sell non-exclusive licenses to those copyrighted works.

33. SourceFuse made and used copies of DiscoverOrg's copyrighted material without authorization or license from DiscoverOrg. SourceFuse used those copies for SourceFuse's financial gain without paying DiscoverOrg. In doing so, SourceFuse violated DiscoverOrg's exclusive rights of reproduction and distribution.

34. At all relevant times, SourceFuse had the duty and the ability to supervise and monitor the actions its employees and agents. SourceFuse's employees performed their actions within the scope of their employment and on SourceFuse's behalf and for its direct financial benefit.

35. SourceFuse knowingly induced, caused, facilitated, encouraged, and/or or materially contributed to the infringing conduct.

36. SourceFuse's willful infringing conduct has disregarded DiscoverOrg's rights.

37. As a direct and proximate result of the foregoing acts, DiscoverOrg has been and will continue to be harmed. Under 17 U.S.C. § 504(b), DiscoverOrg is entitled to its actual damages, including any and all of SourceFuse's profits attributable to its wrongful conduct, or statutory damages under 17 U.S.C. § 504(c). DiscoverOrg is also entitled to its costs, including reasonable attorney fees, under 17 U.S.C. § 505.

## Count 2 — Circumvention of Copyright Protection Systems
## (17 U.S.C. §§ 1201, 1203)

38. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 14.

39. DiscoverOrg employs technical measures including password-protection, mail monitoring, and list protection to protect its copyrighted works. These works include its database, business intelligence reports, and supporting infrastructure, which effectively control access to these works.

40. SourceFuse, without authorization, circumvented these measures to access and use DiscoverOrg's copyrighted works.

41. As a direct and proximate result of the foregoing acts, DiscoverOrg has been and will continue to be harmed. DiscoverOrg is entitled to its actual damages, in addition to any of SourceFuse's profits attributable to its conduct, under 17 U.S.C. § 1201(c)(1)-(2). In the alternative, DiscoverOrg is entitled to statutory damages under 17 U.S.C. § 1201(c)(3). DiscoverOrg is also entitled to its reasonable attorney's fees and costs under 17 U.S.C. § 1203(b)(4)-(5).

## FIFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

42. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 14.

43. SourceFuse used DiscoverOrg's commercially valuable data without paying DiscoverOrg. This action benefitted and unjustly enriched SourceFuse to DiscoverOrg's detriment.

44. SourceFuse is therefore liable to DiscoverOrg for this unjust enrichment in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### (Negligence)

45. DiscoverOrg incorporates herein by reference the allegations in paragraphs 1 through 14.

46. At all relevant times, SourceFuse had a duty to take reasonable care in training and supervising its employees and other agents acting on its behalf.

47. SourceFuse breached this duty in two ways: (1) by failing to train and supervise its employees regarding basic data security obligations; and (2) by allowing its employees to participate in the unlawful conduct alleged above. A reasonable entity would have implemented and enforced a policy banning this kind of conduct. SourceFuse failed to do so.

48. It is foreseeable that the failure to train and supervise employees and other agents about appropriate methods for obtaining sales and marketing information for the benefit of SourceFuse would harm DiscoverOrg.

49. As a direct and proximate cause of SourceFuse's negligence, DiscoverOrg lost profits. SourceFuse's negligence also reduced the market value of DiscoverOrg's database. SourceFuse is therefore liable to DiscoverOrg for compensatory damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, DiscoverOrg prays for the following relief:

1. Entry of judgment in its favor and against SourceFuse on all counts;

2. A declaration that SourceFuse's unlawful conduct was willful and knowing;

3. As to its First Claim for Relief, DiscoverOrg's actual damages, restitution for SourceFuse's unjust enrichment, or a reasonably royalty, in an amount to be proven at trial;

4. As to its Second Claim for Relief, DiscoverOrg's actual damages, restitution for SourceFuse's unjust enrichment, or a reasonably royalty, in an amount to be proven at trial;

5. As to its Third Claim for Relief, compensatory damages in an amount to be proven at trial;

6. As to its Fourth Claim for Relief, actual damages in an amount to be proven at trial, or statutory damages as provided for by 17 U.S.C. § 504(c) and 17 U.S.C. § 1201(c)(3);

7. As to its Fifth Claim for Relief, restitution for SourceFuse's unjust enrichment;

8. As to its Sixth Claim for Relief, compensatory damages in an amount to be proven at trial;

9. An award of exemplary damages for SourceFuse's willful and knowing infringement, theft, and misappropriation;

10. Immediate and permanent injunctive relief enjoining SourceFuse from using DiscoverOrg's trade secrets, copyrighted materials, and misappropriated products and services, or requiring SourceFuse to pay a reasonable royalty for future use;

11. An award of DiscoverOrg's costs of suit, including the costs of experts and reasonable attorneys' fees as permitted by law, including 18 U.S.C. § 1836(b)(3)(D), F.S.A. § 688.005, 17 U.S.C. § 505, and 17 U.S.C. §§ 1203(b)(4)-(5); and

12. An award of pre- and post-judgment interest; and such other relief as the Court may deem just and equitable.

DATED:  November 1, 2019

        Respectfully submitted,

        FORD & HARRISON LLP


        By:  s/ *Amy R. Turci*
        Amy R. Turci
        Florida Bar No. 0349630
        aturci@fordharrison.com

        225 Water Street, Suite 710
        Jacksonville, FL  32202
        Telephone:  (904) 357-2000
        Facsimile:   (904) 357-2001

        and

        Mohammed Workicho, OSB No. 186140
        LANE POWELL PC
        601 SW Second Avenue, Suite 2100
        Portland, Oregon 97204-3158
        Telephone: 503.778.2100
        Facsimile: 503.778.2200
        Email: workichom@lanepowell.com

        Attorneys for DiscoverOrg Data, LLC

WSACTIVELLP:10911196.1